**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANDREW R. JOHNSON,**

    **Plaintiff,**

**vs.**                                              **4:05CV495-RH/AK**

**DEPUTY MORRIS YOUNG, et al,**

    **Defendants .**

_____/

**O R D E R**

    From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted.  Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety.  He does not need to file any service copies of the complaint at this time.

    Plaintiff brings this suit under 42 U.S.C. §1983 against a number of employees of the Gadsden County Sheriff's Office for various infringements of his

rights with regard to his arrest, trial, and subsequent conviction. Plaintiff claims that evidence was seized illegally and fabricated, false testimony given, probable cause did not exist for the search warrant, he was denied bail, and other violations. Plaintiff is presently incarcerated, but it is not clear from the complaint whether his incarceration is based upon the event for which he is suing the defendants in this cause. If so, the complaint must be dismissed since a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Plaintiff does not seek relief from confinement as a result of the actions of the Defendants, he seeks compensatory and punitive damages, and if he is presently in prison on the charges to which these claims are related, his claims are foreclosed.

    In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is

involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **February 20, 2006.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this **2nd** day of February, 2006.

                                s/ A. KORNBLUM
                                **ALLAN KORNBLUM**
                                **UNITED STATES MAGISTRATE JUDGE**